IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SPENCER LEE WILLIAMS,
      Petitioner,

vs.                             Case No.: 3:12cv387/MW/EMT

TED JETER,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus and supporting memorandum, filed under 28 U.S.C. § 2254 (docs. 1, 2). Respondent filed a motion to dismiss the petition as untimely, and because neither of the grounds on which Petitioner seeks relief is cognizable on federal habeas review (doc. 23). Respondent submitted relevant portions of the state court record in support of his motion (*see id.*, attached exhibits). Petitioner responded in opposition to the motion to dismiss (doc. 26).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition is untimely and should be dismissed.

I.      BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background of this case are established by the state court record (doc. 23).[1] In 1989, Petitioner was charged in three criminal cases filed in the Circuit Court for Escambia County Florida. In Escambia County Circuit Court Case Number 1989-CF-476,

---

[1] Hereinafter all citations to the state court record refer to the exhibits submitted with Respondent's answer (doc. 24). If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

he was charged with committing, on December 29, 1988, robbery with a deadly weapon (Count One) and aggravated battery with a deadly weapon (Count Two) (Ex. B1). In Escambia County Circuit Court Case Number 1989-CF-498, Petitioner was charged with committing, on February 10, 1989, robbery with a deadly weapon (Count One) and aggravated battery with a deadly weapon (Count Two) (Ex. B2). In Escambia County Circuit Court Case Number 1989-CF-1473, he was charged with committing, on December 22, 1988, attempted first-degree murder (Count One) and robbery with a deadly weapon (Count Two) (Ex. B3). Petitioner went to trial on all charged counts in all cases, and was found guilty as charged on each count in Case Numbers 1989-CF-476 and 1989-CF-498 (Ex. B1, B2). In Case Number 1989-CF-1473, he was found guilty of aggravated battery, a lesser included offense of attempted first-degree murder charged in Count One, and guilty of robbery with a deadly weapon as charged in Count Two (Ex. B3). At proceedings held August 22, 1989, the trial court adjudicated Petitioner guilty consistent with the jury verdicts, found Petitioner qualified for sentencing as an Habitual Violent Felony Offender, and orally pronounced sentence as follows (in relevant part):

> Therefore, in case number 89-476, as to Count I, robbery with a deadly weapon, which is a first degree felony, it's the Court's judgment and sentence that he be confined to the state prison for the term of his natural life, and such offender shall not be eligible for release from confinement for a minimum term of 15 years. Under Count II, he'll be sentenced to a concurrent term of 15 years in the state prison.

> In case number 89-491 [sic], under Count I, which is a first degree felony, he'll be sentenced to an enhanced sentence to a term of confinement for the remainder of his natural life—for a period of the remainder of his natural life, again with the Court's special directions to the Department of Corrections that the defendant not be eligible for release for a minimum term of 15 years. Under Count II he's sentenced to a period of confinement of 15 years' [sic], said sentence to run concurrently with the sentence under Count I, and the sentences in these cases to run concurrently with the sentences imposed in case number 89-476.

> In case number 89-1473, he'll be sentenced to a term of confinement of 15 years. Under Count II to a term of confinement for a period of—encompassing the remainder of his natural life with special direction to the Department of Corrections that he not be eligible for release for a minimum term of 15 years. Said sentence is to run concurrently with each other and concurrently with the other sentences imposed in case number 89-498 and 89-476.

> The defendant will be entitled to credit for time previously served.

(Ex. C at 337–38). The written judgment and sentence was rendered August 22, 1989 (Ex. D).

Petitioner, through counsel, appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D89-2560, raising two issues: (1) the HVFO statute is unconstitutional; and (2) the written sentences failed to conform to the trial court's oral pronouncement (Ex. E2). In a written opinion issued December 26, 1990, the First DCA affirmed the trial court's determination that the HVFO statute is constitutional, but reversed Petitioner's sentence and remanded the case to the trial court "to conform the written sentences to the trial judge's oral pronouncements." (Ex. E3). Williams v. State, 571 So. 2d 125 (Fla. 1st DCA 1990) (Mem). The First DCA issued its mandate January 11, 1991 (Ex. E3). The clerk of the circuit court entered a corrected judgment (Ex. F).

On June 4, 1991, Petitioner filed a pro se motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. G1). The state circuit court summarily denied the motion (Ex. G2). Petitioner appealed the decision to the First DCA, Case No. 91-2730 (Ex. G3). The First DCA affirmed per curiam without written opinion on July 20, 1992, with the mandate issuing August 5, 1992 (id.). Williams v. State, 602 So. 2d 535 (Fla. 1st DCA 1992) (Table).

On November 29, 1994, Petitioner filed a pro se motion to correct illegal sentence, pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure, asserting that further correction of the written sentence was necessary to bring the written sentences in line with the oral pronouncement (Ex. H1). In an order rendered April 22, 1996, the state circuit court noted that "[t]hrough clerical error, the written Judgment and Sentence for Count One of Case Number 89-0476, sentenced defendant to Natural Life without possibility of parole for 25 years" (Ex. H2). The circuit court granted Petitioner's Rule 3.800(a) motion, and corrected the judgment to conform to the sentencing court's oral pronouncement (Exs. H2, I).

On December 14, 1999, Petitioner filed a second pro se Rule 3.850 motion in the circuit court (Ex. J1). The circuit court summarily denied the motion for lack of jurisdiction on the ground that it was untimely (Ex. J2). Petitioner appealed the decision to the First DCA (Ex. J3). The First DCA affirmed per curiam without a written opinion on May 30, 2000, with the mandate issuing June 27, 2000 (id.). Williams v. State, 767 So. 2d 1212 (Fla. 1st DCA 2000) (Table).

On June 14, 2004, Petitioner filed a pro se "All Writs" petition in the First DCA, Case No. 1D04-2703 (Ex. K1). On August 12, 2004, the First DCA per curiam denied the petition "on the

merits," but without explanation (Ex. K2).  Williams v. State, 880 So. 2d 1218 (Fla. 1st DCA 2004) (Table).  The court denied Petitioner's motion for rehearing on October 6, 2004 (Ex. K3).

On December 13, 2005, Petitioner filed a pro se "Motion to Vacate Judgment" in the state circuit court (Ex. L1).   The circuit court treated the motion as a Rule 3.850 motion and summarily dismissed it with prejudice as untimely, noting that even if treated as a timely motion, it was without merit (Ex. L2).  Petitioner appealed the decision to the First DCA, Case No. 1D06-1453 (Ex. L3). The First DCA affirmed per curiam without written opinion on June 7, 2006, with the mandate issuing July 5, 2006 (id.).  Williams v. State, 931 So. 2d 908 (Fla. 1st DCA 2006) (Table).

On February 20, 2008, Petitioner filed a pro se petition for writ of habeas corpus in the circuit court for the county in which he was confined, Jackson County (Ex. M1).  The circuit court dismissed the petition as procedurally barred (Ex. M2).  Petitioner appealed the decision to the First DCA, Case No. 1D08-1824 (Ex. M3).  The First DCA affirmed per curiam without written opinion on December 9, 2008, with the mandate issuing February 10, 2009 (id.).  Williams v. McNeil, 1 So. 3d 184 (Fla. 1st DCA 2008) (Table).

On February 18, 2009, Petitioner filed another pro se habeas corpus petition, this time in the Escambia County Circuit Court (Ex. N1).  The circuit court summarily denied the petition without explanation (Ex. N2).  Petitioner appealed the decision to the First DCA, Case No. 1D09-1638 (Ex. N3).  The First DCA affirmed per curiam without written opinion on November 2, 2009, with the mandate issuing December 1, 2009 (id.).  Williams v. State, 23 So. 3d 114 (Fla. 1st DCA 2009) (Table).

On November 25, 2009, Petitioner filed a pro se "Motion for Relief of Judgment and Sentence Order Pursuant to Fla. R. Civ. P. 1.540" in the Escambia County Circuit Court (Ex. O1).  The circuit court summarily denied the motion without explanation in an order rendered February 19, 2010 (Ex. O2).  Petitioner did not appeal.

On March 12, 2010, Petitioner filed in the Escambia County Circuit Court a "Motion in Arrest of Judgment," pursuant to rule 3.610(a) of the Florida Rules of Criminal Procedure (Ex. O3).  The circuit court summarily denied the motion without explanation (Ex. O4).  Petitioner appealed the decision to the First DCA, Case No. 1D10-6730 (Ex. O6).  The First DCA affirmed per curiam

without written opinion on February 15, 2011, with the mandate issuing March 15, 2011 (*id.*). <u>Williams v. State</u>, 54 So. 3d 496 (Fla. 1st DCA 2011) (Table).

On March 10, 2011, Petitioner filed a third pro se Rule 3.850 motion (Ex. P1). The Escambia County Circuit Court summarily denied the motion (Ex. P2). Petitioner appealed the decision to the First DCA, Case No. 1D11-2615 (Ex. P4). The First DCA affirmed per curiam without written opinion on August 10, 2011, with the mandate issuing September 7, 2011(Ex. P5). <u>Williams v. State</u>, 67 So. 3d 206 (Fla. 1st DCA 2011) (Table).

On November 4, 2011, Petitioner filed another pro se Rule 3.800(a) motion (Ex. Q1). The circuit court summarily denied it (Ex. Q2). Petitioner appealed the decision to the First DCA, Case No. 1D12-0329 (Ex. Q3). The First DCA affirmed per curiam without written opinion on May 11, 2012, with the mandate issuing June 6, 2012 (*id.*). <u>Williams v. State</u>, 88 So. 3d 156 (Fla. 1st DCA 2012) (Table).

On May 16, 2012, Petitioner filed a petition for writ of habeas corpus in the Florida Supreme Court, Case No. SC12-1112 (Ex. R1). On June 28, 2012, the state supreme court dismissed the petition as unauthorized (Ex. R2). <u>Williams v. Tucker</u>, 95 So. 3d 215 (Fla. 2012) (Table).

Petitioner filed the instant federal habeas petition on August 8, 2012 (doc. 1).

## II.    TIMELINESS

Because Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs this petition. <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a one-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1).  "The limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

Petitioner has not asserted that a State-created impediment to his filing a federal habeas petition existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his conviction became final.  Accordingly, the statute of limitations is measured from the remaining trigger, which is the date on which Petitioner's conviction became final.  *See* 28 U.S.C. § 2244(d)(1).

Respondent contends Petitioner's conviction became final in 1991 (doc. 23 at 6–7). Respondent contends the state court's 1996 order granting Petitioner's Rule 3.800(a) motion and issuing a corrected judgment did not restart the limitations period, because Petitioner was not resentenced; instead, the written judgment was merely corrected to conform to the trial court's oral pronouncement of sentence (*id.*).

In determining whether the date of finality of the original judgment, or an amended judgment, triggers the AEDPA's one-year limitations period, the Supreme Court has focused on whether the amended judgment resulted from a resentencing upon modification of a conviction or sentence.  *See* Burton v. Stewart, 549 U.S. 147, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (federal limitations period did not begin "until both [petitioner's] conviction and sentence 'became final by the conclusion of direct review. . . .'"); *see also* Ferreira v. Sec'y Dep't of Corr., 494 F.3d 1286 (11th Cir. 2007) (addressing issue of what constitutes "judgment" for purposes of AEDPA's statute of limitations when petitioner is resentenced in state court and raised federal habeas claims relating only to original conviction, and holding that judgment on resentencing was judgment which triggered federal limitations period, because judgment is based on both conviction and sentence).

Neither the Supreme Court nor the Eleventh Circuit has squarely addressed whether the correction of a clerical error in a judgment restarts the one-year limitation provision of § 2244(d). However, the Eleventh Circuit's analysis in United States v. Portillo, 363 F.3d 1161 (11th Cir. 2004) indicates that it does not.  In Portillo, the district court corrected a clerical error in the restitution

provision of a criminal judgment. Thereafter, the defendant appealed the restitution portion of the amended judgment. The Eleventh Circuit held that the appeal was untimely pursuant to Fed. R. App. P. 4(b)(1)(A), because the defendant should have appealed the restitution order in the original judgment, which he did not do. *Id.* at 1166. The correction of the clerical error did not provide the defendant with a second opportunity to appeal the judgment. *Id.*

Other courts which have addressed this narrow issue appear to have uniformly held that when a court corrects a clerical error in a criminal judgment, the AEDPA's one-year limitations period does not begin anew when the court corrects the clerical error. *See* United States v. Dodson, 291 F.3d 268, 275 (4th Cir. 2002) (§ 2255 limitations period does not begin anew when "appellate court . . . remands for a ministerial purpose that could not result in a valid second appeal"); *see also, e. g.*, United States v. Greer, 79 F. App'x. 974 (9th Cir. 2003) (unpublished) (amended judgment which merely corrected a clerical mistake in the original written judgment to clarify the terms of the sentence as orally pronounced at the sentencing hearing did not restart Section 2255's limitation period); Young v. Tucker, No. 3:11cv251/MCR/EMT, 2012 WL 1605893, at *3 n.2 (N.D. Fla. Mar. 20, 2012) (unpublished) (correction of written judgment to reflect that count two was a first degree felony instead of a life felony was merely correction of a clerical or scrivener's error, not a resentencing, and thus did not restart the one-year limitation of § 2244(d)), *Report and Recommendation Adopted By*, 2012 WL 1605887 (N.D. Fla. May 8, 2012); Rojas v. United States, Nos. 10-80815-Civ-RYSKAMP, 07-80161-Cr-RYSKAMP, 2011 WL 1467008, at *2–3 (S.D. Fla. Mar. 21, 2011) (unpublished) (entry of amended judgment to correct clerical error, i.e., incorrect "USM number," did not restart § 2255 limitations period), *Report and Recommendation Adopted By*, 2011 WL 1467226 (S.D. Fla. Apr. 18, 2011); Martin v. Province, No. 10-CV-648-TCK-PJC, 2010 WL 5093403, at *2 n.2 (N.D. Okla. Dec. 8, 2010) (unpublished) (entry of amended judgment to correct clerical error, i.e., incorrect description of crime as Possession of Controlled Drug, instead of Possession of Controlled Drug with Intent to Distribute, did not restart state habeas petitioner's one-year limitations period for filing § 2254); Perry v. United States, No. 1:09cv1101, 2010 WL 431333, at *3 (W.D. Mich. Jan. 27, 2010) (unpublished) (amended judgment clarifying precise amount of restitution was not "operative judgment" for purposes of one-year limitation period for filing § 2255 motion); Mathews v. Sec'y, No. 8:09cv57-T-30EAJ, 2009 WL 5128027, at *1 (M.D. Fla. Dec. 21, 2009) (unpublished) (change in

written sentence to correct omission of oral pronouncement that petitioner was sentenced as habitual felony offender did not restart AEDPA's one-year limitation period); <u>Wray v. Ward</u>, No. 03-CV-067-JHPPJC, 2007 WL 1822388, at *7 n.4 (N.D. Okla. June 22, 2007) (unpublished) (entry of amended judgments did not affect finality of original judgment and, therefore, did not restart limitations period for § 2254 petition); <u>United States v. Gericke</u>, No. 4:09CR3176, 2007 WL 1291098, at *3 n.2 (D. Neb. Mar. 21, 2007) (unpublished) (second amended judgment, which corrected clerical mistake in first amended judgment, did not restart § 2254 clock).

In the instant case, the court need not decide whether the 1996 corrected judgment restarted the limitations clock, because even if it did, the instant federal petition is untimely.  The corrected judgment was rendered April 22, 1996, the same date as the court's last amended order granting Petitioner's Rule 3.800(a) motion (Ex. H2).  Because April 22, 1996, was prior to the effective date of the AEDPA, April 24, 1996, Petitioner's one-year limitation period under § 2244(d)(1)(A) began on April 24, 1996, and continued until April 24, 1997, unless there were pending during that time any properly filed state post-conviction applications or motions for "other collateral review."  <u>Guenther v. Holt</u>, 173 F.3d 1328, 1331 (11th Cir. 1999) ("For prisoners whose convictions became final prior to the effective date of the AEDPA, the one-year statute of limitations instituted by the AEDPA began to run on its effective date, i.e., April 24, 1996."); <u>Wilcox v. Fla. Dep't of Corr.</u>, 158 F.3d 1209 (11th Cir. 1998); <u>Moore v. Campbell</u>, 344 F.3d 1313, 1319–20 (11th Cir. 2003) (holding that Fed. R.  Civ. P. 6(a) applies to the effective date of the AEDPA; thus, a petition filed on April 24, 1997 would be timely).

The record demonstrates Petitioner did not file any application for state post-conviction review until well beyond expiration of the one-year deadline for filing a federal habeas corpus petition.[2]  Petitioner's applications for post-conviction relief or other collateral review filed after the AEDPA's limitation period expired do not trigger the tolling benefit of § 2244(d)(2).  <em>See</em> <u>Moore v. Crosby</u>, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations

---

[2] Even if Petitioner could have appealed the corrected judgment, his 30-day period for doing so would have expired on May 23, 1996, and his one-year federal deadline would have expired on May 23, 1997, well prior to the date he filed his next post-conviction application which qualified as a tolling motion under § 2244(d)(2).

once the limitations period has expired. In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired."); <u>Webster v. Moore</u>, 199 F.3d 1256, 1269 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). The instant federal habeas petition, filed by Petitioner on August 8, 2012, is therefore untimely.

Petitioner argues that his petition is not time barred because "[a] jurisdictional defect is one that strips the Court of its power to act and makes its judgment void, and a void judgment can be attacked at anytime." (doc. 26 at 1) (internal quotation marks omitted) (citing <u>Escareno v. Carl Nolte Sohne GmbH & Co.</u>, 77 F.3d 407, 412 (11th Cir. 1996), and <u>Strommen v. Strommen</u>, 927 So. 2d 176 (Fla. 2d DCA 2005)). Neither of the cases Petitioner cites involved the federal habeas limitations period. Petitioner provides no authority, and the court has found none, holding that the federal habeas limitations period of § 2244(d)(1) does not apply to petitions alleging jurisdictional defects in the state trial court. To the contrary, federal courts have dismissed as untimely § 2254 petitions filed outside the one-year limitations period, even though the petitions challenged the state trial courts' jurisdiction to convict and sentence the petitioners. *See* <u>Griffin v. Padula</u>, 518 F. Supp. 2d 671 (D.S.C. 2007) (dismissing § 2254 petition as untimely; rejecting petitioner's argument that the time limitations of the AEDPA did not apply to his petition because his petition challenged the state court's subject matter jurisdiction, and explaining, "there is no exception under the AEDPA for subject matter jurisdiction claims"); *see also, e.g.*, <u>Joseph v. Tucker</u>, No. 4:12cv119/SPM/CAS, 2012 WL 5381513, at *1 (N.D. Fla. Nov. 1, 2012) (unpublished) (dismissing petition as untimely and finding, "There is no exception to the § 2254 time limitation for claims raising challenges to the state court's subject matter jurisdiction."); <u>Frazier v .Crews</u>, No. 2:11cv551, 2013 WL 1856507, at *4 (M.D. Fla. May 2, 2013) (unpublished) (same); <u>King v. Hetzel</u>, No. 2:10cv2701, 2013 WL 1767793, at *3 (N.D. Ala. Mar. 29, 2013) (unpublished) (same), *Report and Recommendation Adopted By*, 2013 WL 1760845 (N.D. Ala. Apr. 24, 2013).

III.    CONCLUSION

Petitioner's federal habeas petition is untimely. Petitioner has not established entitlement to equitable tolling or any other exception to the limitations period. Petitioner's failure to timely file his § 2254 petition requires dismissal of this case.

IV.    CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.


Accordingly, it is respectfully **RECOMMENDED**:

1.      That Respondent's motion to dismiss (doc. 23) be **GRANTED**.

2.      That the petition for writ of habeas corpus (doc. 1), challenging Petitioner's judgment of conviction and sentences in State of Florida v. Spencer Lee Williams in the Circuit Court in and for Escambia County, Florida, Case Nos. 1989-CF-476, 1989-CF-498 and 1989-CF-1473, be **DISMISSED WITH PREJUDICE as untimely**, and the clerk be directed to close the file.

3.      That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 19th day of September 2013.


/s/ Elizabeth M. Timothy
**ELIZABETH M.  TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).